OPINION
Appellant, Conrad A. Straube, seeks a reversal or reduction of the award of spousal support ordered by the Lake County Court of Common Pleas, Domestic Relations Division.
The parties to this appeal were married for approximately twenty-four years. They married, on February 1, 1975, in Cleveland, Ohio, and were separated, on April 30, 1997. The parties have three emancipated children. Two of these children attend college. Both parties contribute to the cost of tuition. On September 18, 1998, Susan Straube, appellee, filed a complaint for divorce. Appellant filed an answer and counterclaim. Appellee filed a response thereto. A trial was held before a magistrate, on June 17, 1999, and a decision was issued on July 22, 1999. Both parties filed objections to the magistrate's decision. The matter was heard before a judge on November 8, 1999. On February 1, 2000, a judgment entry was filed overruling the parties' objections and adopting the magistrate's findings. On April 11, 2000, a judgment entry of divorce was filed. The trial court awarded spousal support as follows: "Defendant shall pay to Plaintiff as and for spousal support, the amount of $1,000.00 per month, plus processing charge for six (6) years, payable through the Child Support Enforcement Agency of Lake County. _Except as otherwise provided, support shall continue to be made on the first day of each month thereafter for a period of six (6) years, subject to earlier termination upon wife's death, remarriage, or entry into a state of cohabitation similar to marriage."
From this judgment, appellant assigns the following as error:
 "[1.] The trial court erred in awarding spousal support in the amount and duration ordered."
 In his sole assignment of error, appellant contends that the trial court's award of spousal support was unreasonable and, thus, constituted an abuse of its discretion. In support of this argument, appellant asserts that the magistrate's findings were unreasonable because of errors made by the magistrate and appellee in determining her monthly expenses. Further, appellant contends that the court abused its discretion by failing to place limitations on the award of spousal support. Appellee argues that the magistrate's decision, as approved by the trial court judge, was based on its consideration of every relevant statutory factor enumerated in R.C. 3106.18(C)(1).
It is well established that a trial court has broad discretion in formulating an award of spousal support and, absent a finding of abuse of discretion, a reviewing court shall not disturb an award of spousal support. See, e.g., Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219.
Pursuant to R.C. 3105.18, a court must award spousal support when it is "appropriate and reasonable." See, e.g., Glass v. Glass (June 30, 2000), Trumbull App. No. 99-T-0045, unreported, 2000 WL 896188; Davisv. Davis (May 31, 2000), Portage App. No. 98-P-0122, unreported, 2000 WL 522481; Clontz v. Clontz (May 16, 1997), Trumbull App. No. 96-T-5531, unreported, 1997 WL 286093. R.C. 3105.18(C)(1) provides a list of factors which the court must consider in determining whether to award spousal support: (1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant.
In the case sub judice, it is undisputed that the court considered all the relevant factors pursuant to 3105.18(C)(1). However, appellant argues that appellee's monthly expenses are substantially lower than the magistrate determined, appellant's annual net income was incorrectly computed, and, that the court incorrectly considered the adult children's college tuition in appellee's monthly income. Thus, the court's award was unreasonable. An award of sustenance alimony must not exceed a reasonable amount. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph three of the syllabus.
Appellant argues that appellee's net monthly income is $2,812.53, not $2,588.53, as the magistrate found. He also contends that the magistrate incorrectly computed appellant's monthly income and expenses. Appellee testified that her net annual income was $30,532.58, or $2,544 per month, after her deductions of $840 per month.
In computing appellee's expenses, appellant argues that the court should begin with appellant's gross income of $41,142.40, or 3,428.53 per month, and then deduct $840 per month for expenses. The court computed her monthly income by dividing her annual salary by 12 and then deducting $840. The court did not err by using the above formula to compute appellee's monthly income. Appellant further argues that appellee's annual $200 bonus, $417 state income tax refund, and federal income tax refund of $2,075, half of $4,149 received by the parties in 1998, should have also been included in appellee's monthly income. Appellee's motion forpendente lite spousal support did not list income tax refunds among the enumerated sources of income; nor did appellant include income tax refunds in computation of his monthly salary. Thus, the court did not abuse its discretion in excluding appellee's income tax refunds.
Regarding appellee's annual bonus, appellee testified that she believed that her bonus was included in her W-2 statement, since she received it in the form of a check. The record does not indicate that appellee receives an annual $200 Christmas bonus, just that she received such a bonus in 1998. Thus, the trial court did not abuse its discretion in failing to add appellee's $200 bonus to her annual income.
The magistrate correctly determined appellant's net annual income to be $52,258.92. However, the magistrate determined that appellant's monthly net income is $4,354. Appellant correctly asserts that his monthly income is actually $4,355. Regarding appellant's monthly expenses, he argues that the magistrate deducted a rental loss of $113 from his monthly expenses, instead of adding the loss to his expenses. The magistrate determined that appellant's monthly expenses were $3,243. Appellant argues that the correct amount is $3,356. During the hearing, on June 18, 1999, appellant was questioned regarding the $113, as follows:
 "Q. * * * This rental property — should actually be added to your expenses here though, correct? That's a loss? You don't make a [sic] $113.00, or do you make $113.00 on it?
"A. I don't make—
"Q. Do you lose $113.00 or do you make—
"A. We have been breaking even just the last—
"Q. All right we will eat that.
 "A. Just the last four months, we have broken even.
"* * *
"Q. So what is your total monthly expense then?
"A. $3,243.00."
 This exchange demonstrates that appellant does not consistently have a $113 loss on the rental property. Moreover, he testified that including the property in question, his expenses were $3,243. Thus, the record does not support appellant's contention that the court incorrectly computed his monthly expenses.
In addition, appellant argues that appellee's total monthly expenses are $1,523.20 less than the amount stated in her affidavit,[1] included in her motion for pendente lite spousal support. He disputes the cost of the: phone, water, sewer, auto payment, auto insurance, children's tuition, charge cards, and storage unit. The record reveals that appellee offered a sworn affidavit and testified to her monthly expenses Appellee testified that her phone bill, including long distance calls, was approximately $90. Her last water bill was $46.20, for the last few months. As phone and water bills fluctuate, the court did not abuse its discretion in accepting these figures. Appellee testified that she has a storage unit payment of $104. There is no evidence that appellee does not have a storage fee in this amount.
Appellee testified that she is presently paying $500 per month, on charge cards. Appellee explained that a portion of the debt, $4,500, constitutes the credit card debt that she split with appellant.[2] The additional debt was incurred by appellee and the children after the separation. The magistrate's report indicates that appellee charged college payments, clothes, food, car repairs, and a bedroom set. Appellee testified that she charged necessities, such as groceries, on the credit card. However, appellee already listed tuition, clothes, auto maintenance, groceries, and other necessities, on her motion for pendentelite spousal support. Thus, because appellee has already listed many of the expenses that directly attributed to her credit card debt, in her monthly expenditures worksheet, the credit card payments of $500 are not reasonable; i.e. appellee cannot list individual expenses twice for purposes of determining her monthly expenditures. Appellee's motion forpendente lite spousal support was filed on December 30, 1998, sixteen months after the parties separated. Therefore, it is possible that appellee incurred credit card debt during that time and is making payments on the balance due. The record is unclear as to what portion of appellee's monthly credit card expense is attributed to the debt split with appellant, expenses incurred during the sixteen month gap and expenses already listed in her motion for pendente lite spousal support. Thus, the trial court abused its discretion by including the entire $500 amount in appellee's monthly expenses.
Appellee testified that she does not pay sewer costs where she is presently living, thus, the $20 she listed as an expense was incorrect. She further testified that she is not currently paying the $240 listed for auto payment, but that she will be purchasing a car "probably within the next year." Appellant listed $200 per month, or $2,400 per year, for auto insurance. Appellee explained that she is billed $198 per month, for car insurance, which includes that of the students. As they are emancipated, the court abused its discretion by including the cost of the boys' insurance in appellee's monthly expenses. While tuition is an integral expense of a college education, car insurance is not.
Appellee listed $357 per month, for school, noting that the annual cost is $8,578, of which, she pays half. She testified that she paid $4,808.43, in tuition, for the students. The parties split the cost of the tuition, and both parties have included tuition in their monthly expenses.[3] Thus, it was reasonable for the court to include the children's college tuition in appellee's monthly expenses for the purposes of spousal support. However, the monthly payment made by each party for tuition is neither reasonable or accurate. Appellee testified that Conrad, Jr., who is going to be a junior, has two and one-half to three years remaining and Chad, who is going to be a sophomore, has three and one-half to four years. Despite this, the spousal support award was for a six-year period. Additionally, appellee stated two differing amounts for her contribution towards tuition. Appellee and appellant, who are each paying half of the tuition, listed differing amounts as well.
Additionally, appellant contends that the court should have set conditions upon the spousal support, such as: (1) wife cohabits with another; (2) wife remarries; (3) wife's income increases; (4) wife does not pay one-half of children's tuition; or, (5) husband's income decreases. The magistrate's decision as well as the judgment entry state that the award is "subject to earlier termination upon wife's death, remarriage, or entry into a state of cohabitation similar to marriage." Both the February 1, 2000 and April 11, 2000 judgment entries state that the trial court does not reserve jurisdiction to modify spousal support.
Based on the totality of the circumstances in a specific case, a trial court's failure to retain jurisdiction to modify a spousal support award based on changes in the parties' incomes during a six-year period, may constitute a breach of discretion. See Link v. Link (June 29, 1997), Lake App. 96-L-067, unreported, 1997 WL 358325. In the instant case, the final judgment entry of divorce contains the following handwritten order, which was initialed by all parties: "Jurisdiction to modify spousal support is not reserved, and both parties shall file updated status affidavits as the information contained therein changes." In the trial court's February 1, 2000 judgment entry, it had ordered Attorney Ulrich to prepare the final judgment of divorce. The trial court also ordered that the judgment of divorce requires that the parties submit updated status affidavits as the facts and circumstances change and that the court will not retain jurisdiction to modify spousal support post decree. A review of the record indicates that the language expressing the court's decision not to reserve jurisdiction was inadvertently left off the typed judgment entry. Therefore, such language was handwritten at the bottom of the judgment entry and, as a matter of form, the addition was initialed by all present.
The trial court should have reserved jurisdiction in the instant case, due to the anticipated changes in the parties' monthly expenditures. Appellee testified that she anticipated imminent changes, including the purchase of a car and a home, thereby increasing her car payments and auto insurance and eliminating the expense of renting storage space. Further, the children will graduate from college within six years, eliminating the tuition expense for both parties. The children's completion of college will also decrease appellee's long distance phone bills.
While the record in the case sub judice suggests that the parties' incomes[4] will likely remain the same, six years is too long a duration for the court to predict the parties' incomes and monthly expenditures. Thus, in reviewing the totality of the circumstances, the trial court abused its discretion by failing to retain jurisdiction to consider modifying spousal support to fit changing circumstances.
Appellant's sole assignment of error has merit. Based on the foregoing analysis, the trial court abused its discretion by computing anticipated and non-existent expenses into appellee's monthly expenditures and by not reserving jurisdiction to consider a motion to modify spousal support. Remand, to the trial court, is necessary to determine the parties' actual monthly expenses and incomes, in order to determine an appropriate and reasonable award of spousal support, and to provide for retention of jurisdiction to consider modification of this order.
For the foregoing reasons, the judgment of the trial court is reversed and remanded.
 __________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] In appellee's motion for pendente lite spousal support, she incorrectly totaled her monthly expenses as $4,363. The actual expenditures totaled $3,913. The magistrate's report, which was adopted by the judge, noted this computation error. However, the magistrate found appellee's monthly expenses to be approximately $4,163. Appellant contends that appellee's expenses are $1,523.20 less than 43,913. He disputes the individual bills listed in her total monthly expenses.
[2] The parties agreed to split the $8,000 to $9,000 debt on one credit card.
[3] While the record is devoid of a written agreement to split the cost of the tuition, the magistrate's report reflects that the parties "agreed not to let the divorce interfere with the boys' schooling."
[4] Appellant is the chief of police of Willoughby and appellee is employed as a registered nurse.